UNITED STATES, Appellee

v

VICTOR A. WHITMIRE, Private First Class,
U. S. Army, Appellant

21 USCMA 268, 45 CMR 42

No. 24,515

March 24, 1972

*Captain John D. Lanoue* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.*, and *Captain Robert B. Harrison, III.*

*Captain James T. Harper* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Walter A. Smith, III.*

## Opinion of the Court

QUINN, Judge:

The Government concedes that the trial judge did not directly question the accused and obtain his personal response as to his knowledge and understanding of the right to select individual military counsel, if reasonably available, to represent him. United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969); United States v Woodall, 20 USCMA 454, 43 CMR 294 (1971). However, it contends the omission was not prejudicial to the accused because defense counsel at

trial was, in fact, his personally-selected counsel.

Four circumstances are relied upon to support the Government's contention. They are as follows: ▆ (1) That at the Article 32 investigation, the accused requested counsel by name and this counsel represented the accused at the hearings on November 15 and November 20, 1969; (2) that on December 8, the date the charges were referred to trial, the same counsel was substituted for the defense counsel designated on the order appointing the court to which the charges were referred; (3) that in an instrument executed January 12, the day of trial, after acknowledging his understanding of the various aspects of the right to counsel, the accused certified: "I select [sic] to be represented" by the same counsel; and, finally, (4) at trial, in response to the trial judge's request that the accused personally tell him "by whom . . . [he desired] to be represented here today," the accused responded with the name of the same counsel.

In United States v Donohew, supra, page 151, we held that a representation by defense counsel to the effect that he had, outside of court, personally informed the accused as to the various choices he had in regard to counsel, as provided by Article 38(b), Uniform Code of Military Justice, 10 USC § 838, gave at least minimal assurance that the accused knew his rights. However, noting the trend toward in-court advice as to substantial rights and mindful of circumstances affecting military accused which "call for extraordinary concern," we concluded that the accused's understanding of the right to counsel should be demonstrated by means of his "personal response to direct questions." *Ibid.*, at page 152.

Adherence to established procedure is certainly good practice. But, a departure from the ritual of established procedure is not necessarily bad practice; it may simply be another way of serving the same purpose and achieving the same goal as the prescribed procedure. See Miranda v Arizona, 384 US 436, 479, 490, 16 L Ed 2d 694, 86 S Ct 1602 (1966). However, even bad practice does not justify reversal of an otherwise valid conviction if no harm results to the accused. United States v Allbee, 5 USCMA 448, 18 CMR 72 (1955); United States v Baca, 14 USCMA 76, 33 CMR 288 (1963). Here, the several circumstances listed by the Government, all of which are part of the record, compellingly attest to the fact that the accused knew he had the right to military counsel of his own choice and that he exercised the right to obtain such counsel. Thus, the purposes of the in-court inquiry delineated in *Donohew* were achieved. Accordingly, we agree with the Government that the absence from the record of a direct question by the trial judge and a direct response by the accused as to his understanding of the right to individual military counsel was not prejudicial to the accused.

A second assignment of error is addressed to the long period of time ▆ required for appellate review of the record of trial. The Government has offered an explanation, but the accused regards the explanation as unsatisfactory. For purposes of this appeal, we assume the explanation is inadequate, but the assumption does not mandate reversal of the findings of guilty and the sentence. It must further appear that the delay presents a fair risk of prejudice to the accused. No such risk appears. United States v Prater, 20 USCMA 339, 43 CMR 179 (1971).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge DARDEN and Judge DUNCAN concur.