**UNITED STATES, Appellee,**

v.

**Luis D. JORGE, Private, U. S. Marine Corps, Appellant.**

No. 29,478.

U. S. Court of Military Appeals.

Oct. 3, 1975.

*Captain Paul H. Duvall,* USMCR, argued the cause for Appellant, Accused.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

OPINION OF THE COURT

FERGUSON, Senior Judge:

This appellant stands convicted by a special court-martial of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. We granted his petition for review to determine whether the military judge erred to his prejudice by failing to advise him of his right to be represented at trial by civilian counsel as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969).

At the commencement of trial, the uniformed lawyer representing the appellant introduced himself as "individual military counsel" and stated that the presence of the other military defense counsel detailed in the convening order was waived. In purporting to question the appellant concerning his various rights to counsel under Article 38(b), UCMJ, 10 U.S.C. § 838(b), as mandated by *United States v. Donohew, supra,* the military judge inquired as follows:

MJ: Private JORGE, Captain FRYE is here in court today representing you at your request. Is that correct?

ACC: Yes, sir.

MJ: And do you understand that in addition to your individual military counsel being here, you have the right to have Captain CATHCART, your detailed defense counsel, here present also?

ACC: Yes, sir.

MJ: Have you excused Captain CATH-CART from being present?

ACC: Yes, sir.

MJ: Are you ready to proceed now to trial represented only by Captain FRYE?

ACC: Yes, sir.

As is patently obvious from the foregoing dialogue, at no time did the military judge inform the appellant that he had a right to be represented by civilian counsel or ascertain the appellant's understanding of his entitlement thereto. Notwithstanding this deficiency, and although expressly finding that the military judge had not complied with the *Donohew* ruling by giving this limited advice, the U.S. Navy Court of Military Review affirmed the appellant's conviction by holding that the purpose of the *Donohew* inquiry was achieved "where the record shows appellant obviously knew he had a right to individual military counsel and it was exercised." On the basis of our decision in *United States v. Copes*, 23 U.S.C.M.A. 578, 50 C.M.R. 843, 1 M.J. 182 (1975), we reverse.

In *United States v. Jordan*, 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973), this Court, in accordance with the plain meaning of Article 38(b), held that a military accused, in addition to the right to be represented by a detailed military counsel, is also entitled to representation by a retained civilian counsel *or* individually selected military counsel but not both. In so holding, however, this Court presumed that any military accused would still make a knowing and informed election as to the type of representation he desired, with full understanding of his options thereto. To now reason, as did the court below and the Government now on appeal, that the appellant waived the requirement for advice as to his right to be represented by civilian counsel by choosing representation by individual military counsel is to put the cart before the horse. The purpose of the *Donohew* inquiry, as recently reiterated in *United States v. Copes, supra*, was to insure that a military accused not only was advised of, but also adequately understood, the various options granted him by the Code with respect to representation by counsel. Although this appellant, as manifest by the record, was no doubt aware of his right to be represented by individual military counsel in view of his specific election to do so, that fact, standing alone, provides no assurance that he also was aware of the right still available[1] to him to be represented by civilian counsel.

As in *United States v. Copes, supra*, prejudice is apparent because there is no way to determine what choice the appellant would have made had he been given the advice required by *Donohew*.

The decision of the U.S. Navy Court of Military Review is accordingly reversed. A rehearing may be ordered.

Chief Judge FLETCHER and Judge COOK concur.

---

1. Because an attorney-client relationship had been established between the appellant and his individual military counsel and there existed no good cause to sever that relationship, *United States v. Catt*, 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975), our holding in *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), stands as an implied exception to the interpretation of Article 38(b) in *United States v. Jordan*, 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973), in such cases as this where an accused has had individual military counsel made available to him prior to the *Donohew* warning.