UNITED STATES

v.

Apolonio T. HUERTO, 552 82 5761,
Engineman Second Class (E–5),
U. S. Navy.

NCM 77 0866.

U. S. Navy Court of Military Review.

Sentence Adjudged 4 Nov. 1976.

Decided 23 Feb. 1978.

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Charged with assault with intent to commit murder, the accused was found guilty, contrary to his pleas, of an aggravated assault and was sentenced by a general court-martial to a bad conduct discharge, hard labor without confinement for 3 months, and reduction to pay grade E–3. The convening authority changed the bad conduct discharge to confinement at hard labor for 4 months, approved the sentence as changed, and probationally suspended the confinement at hard labor. The case has been referred to this Court pursuant to Article 69, UCMJ, 10 U.S.C. § 869, by the Judge Advocate General of the Navy, who invites our attention to the following issue:

Was the United States v. Donohew, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), advice of the military judge concerning Article 38(b), Uniform Code of Military Justice, rights to counsel prejudicially erroneous [see R. 2–21, 27–8, 47; United States v. Copes, 23 U.S.C.M.A. 578, 50 C.M.R. 843 [1 M.J. 182] (1975); United States v. Jorge, 23 U.S.C.M.A. 580, 50 C.M.R. 845 [1 M.J. 184] (1975)]?

We reverse, finding that the accused was prejudiced by the erroneous advice of the trial judge to the effect that, if he exercised his right to be represented by civilian counsel, he would no longer be entitled to be represented by the individual military counsel who had been made available and was representing him; because an existing attorney-client relationship may only be severed for good cause. The remaining assignments of error and the Government's motion to remand the case for further psychiatric evaluation are mooted by our disposition of the designated issue.

At an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on 25 August 1976, the military judge advised the accused that he had the right to be represented by a civilian attorney and also had the right to be represented by individual military counsel. The accused repeatedly stated that he did not understand the advice and proceedings and that he was undecided. On the basis of the accused's conduct, the military judge questioned whether the accused had sufficient mental capacity to understand the nature of the proceedings or to cooperate intelligently in his defense. Even though a sanity board had previously answered those questions in the affirmative, the military judge ordered a second sanity board. At the next Article 39(a) session, on 13 October 1976, the accused was represented by individual military counsel and detailed defense counsel. After consideration of other matters, defense counsel indicated that the defense was not ready to go to trial, and a continuance was requested until 1 November 1976, in order to enable individual defense counsel to prepare. Trial counsel asked whether the accused had decided about civilian counsel. The military judge stated that if the accused was subsequently represented by a civilian attorney he would not be entitled to be represented by both individual military counsel and detailed counsel.

 Article 38(b), UCMJ, 10 U.S.C. § 838(b), provides as follows:

The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge.

*United States v. Donohew, supra,* requires that the record of trial contain the accused's personal response to direct questions incorporating the elements of Article 38(b) and his understanding of his entitlements thereunder. In *United States v. Jordan,* 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973), the accused, who was already represented by civilian counsel, requested the services of an individual military counsel. The trial judge ruled that as the accused had civilian counsel of his own choice he did not have the right to an individual military counsel. The accused then discharged his civilian counsel in order to obtain an individual military counsel who was made available and represented him at trial. Finding no error, the Court of Military Appeals affirmed; holding that the trial judge had correctly construed the word "or" in Article 38(b) in the disjunctive and, consequently, the right to personally selected counsel in the alternative. The Court rejected a defense argument that such a construction would permit a judge to refuse to allow a civilian lawyer to defend an accused who was already represented by individual military counsel, noting that this contention misconceived the effect of accused's representation by counsel at a particular stage of the court-martial proceedings. In *United States v. Jorge, supra,* the accused was represented by individual military counsel at the commencement of trial. The judge did not inform the accused that he had a right to be represented by civilian counsel. The Court of Military Appeals reversed because the record did not show that the accused was aware of the right still available to him to be repre-

sented by civilian counsel. Citing *United States v. Catt,* 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975), the Court stated in a footnote that, because an attorney-client relationship had been established between the accused and his individual military counsel and there existed no good cause to sever that relationship, its holding in *Donohew, supra,* was an implied exception to the interpretation of Article 38(b) in *Jordan,* in cases where an accused has had individual military counsel made available to him prior to the *Donohew* warning. The teaching of *Catt* and *United States v. Eason,* 21 U.S.C. M.A. 335, 45 C.M.R. 109 (1972) is that an accused may not be denied, without good cause, the services of a counsel with whom he has established a bona fide attorney-client relationship. The clear meaning of *Jorge* is that an accused who is represented by individual military counsel must, nonetheless, be advised of his right to be represented by civilian counsel, is entitled to provide civilian counsel, and may be represented by both civilian and individual military counsel, unless good cause exists for severing the attorney-client relationship he has formed with individual military counsel. *Jordan* holds only that if accused is represented by civilian counsel, he does not have the right subsequently to choose a military counsel other than detailed counsel, if he retains his civilian counsel. Therefore, we conclude that the advice of the military judge in this case, to the effect that if the accused exercised his right to be represented by civilian counsel he would no longer be entitled to be represented by both individual military and detailed defense counsel with whom he had formed attorney-client relationships, was erroneous and negated the effect of his earlier advice. Prejudice is apparent because there is no way to determine whether the accused would have subsequently exercised his right to be represented by civilian counsel had he not received the erroneous advice. *See United States v. Jorge, supra.* Reversal is required.

The findings of guilty and the sentence are set aside. A rehearing is authorized.

Judge GRANGER concurs.

NEWTON, Senior Judge (concurring):

I concur in the result.

I do not agree with the recitation of the law, or the need therefor to decide this case. The record does not show the accused made a knowing exercise of his options to trial representation. For that reason I would reverse.