UNITED STATES, Appellee,

v.

Private (E–1) Robert R. FELLOWS, SSN
455–25–2267, United States
Army, Appellant.

SPCM 13179.

U. S. Army Court of Military Review.

22 May 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Richard A. Kirby, JAGC, and Captain Stephen P. Henderson, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

The military judge failed to inform the accused of his right to military counsel of his own selection. There is no way to determine from this record what choice of counsel the accused might have made had he been given complete and proper advice. *United States v. Jorge,* 23 U.S.C.M.A. 580, 50 C.M.R. 845, 1 M.J. 184 (1975). The result we reach is compelled by *Jorge* and other precedents. *See United States v. Cole,* 43 C.M.R. 675 (A.C.M.R.1971); *United States v. Whitmire,* 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972). Reason should compel a different result.

The accused (appellant) stood before the military judge represented by civilian counsel and detailed military counsel. Detailed counsel said that he had explained to accused his rights to counsel under Article 38(b) of the Uniform Code of Military Justice, 10 U.S.C. § 838(b). Aside from its guarantee of free counsel, the salient feature of Article 38(b) is to provide an accused an alternative to representation by counsel selected from among the limited number assigned to the command and approved by the same official who decided to prosecute the case. The accused had elected one of those alternatives (civilian counsel) and was no longer entitled to the other (individually selected military counsel). *Compare United States v. Jordan,* 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973), *with United States v. Huerto,* 4 M.J. 827 (N.C.M.R.1978).

When an accused has been informed of his counsel rights, has elected one alternative to detailed counsel, and would have to forgo that alternative to select the other, returning the case for further proceedings elevates form over substance. Nevertheless, we are compelled to take action consistent with the previous cases.

Accordingly, the action of the convening authority, dated 27 December 1977, is set aside. The record of trial is returned to The Judge Advocate General for remand to the same or a different convening authori-

ty. The appropriate convening authority may order proceedings in revision, a rehearing, or dismiss the charges. In taking those actions he may set aside the findings or sentence, or both, and take such other actions as appear necessary consistent with our decision herein.