**UNITED STATES, Appellee,**

v.

**Private (E–1) Steven E. HOUSTON, SSN 380–64–6846, United States Army, Appellant.**

**SPCM 13415.**

U. S. Army Court of Military Review.

31 Oct. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Terrence L. Lewis, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Cap-

3. 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971).

tain Michael J. Wall, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THOR-NOCK, Appellate Military Judges.

### OPINION OF THE COURT

THORNOCK, Judge:

Appellant was convicted by a special court-martial of two specifications of absence without leave, one specification of larceny and one specification of breaking restriction in violation of Articles 86, 121 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 921 and 934, respectively. The members sentenced him to a bad-conduct discharge, confinement at hard labor for six months and forfeiture of $265.00 pay per month for six months. The convening authority approved a bad-conduct discharge, confinement at hard labor for four months and forfeiture of $265.00 pay per month for four months.

In his single assignment of error the appellant alleges that the military judge erred in failing to inform the appellant he had the right to be represented by a military lawyer of his own selection, *free of charge*. Appellant urges that the language of *United States v. Cole*, 43 C.M.R. 675 (A.C.M.R. 1971), requires reversal. Additionally he urges that an unpublished opinion of this Court, *United States v. Bostice*, CM 436833 (A.C.M.R. 10 May 1978), likewise mandates reversal. We disagree.

---

1. *See* for example, *United States v. Copes*, 1 M.J. 182 (CMA 1975); *United States v. Whitmire*, 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972); *United States v. Kilby*, 3 M.J. 938 (NCMR 1977); *United States v. Slough*, 46 C.M.R. 1116 (A.C.M.R.1973); and *United States v. Cole*, 43 C.M.R. 675 (A.C.M.R.1971).

2. We recognize that Appendix 8a, Manual for Courts-Martial, United States, 1969 (Revised edition), and the Military Judges' Guide, DA Pam 27–9, use the language "free of charge" in their guidance concerning the right to individual military counsel. We commend the continued use of that language but, on the facts of this case, we do not find that its omission to be prejudicial.

3. The military judge's complete inquiry is as follows:

A careful reading of *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), and its vast progeny [1] convinces us that the requirements of Article 38(b), UCMJ, 10 U.S.C. § 838(b), were fully met in this case. *Donohew* teaches that the *record* must show that "an accused adequately understands a most valuable right accorded him by law" and "that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." *Id.* at 152, 39 C.M.R. at 152. The instant record demonstrates compliance with the quoted language of this holding.

We find no requirement that an accused be told explicitly that detailed or individual military counsel will be provided to him *without cost.* We specifically decline to make that advice a requirement upon the military judge, the omission of which would be prejudicial error, provided the record demonstrates adequately that an accused is aware of the rights provided by Article 38(b), UCMJ, that the *Donohew* mandate is met and that there is no demonstrated prejudice to an accused. *See United States v. Copes*, 1 M.J. 182 (CMA 1975), and *United States v. Whitmire*, 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972).[2]

The military judge's *Donohew* inquiry [3] in the case *sub judice* and the entire record

---

MJ: I've been furnished with the original charge sheet in this case. Thank you, Captain Rucker. Private Houston, before we go any further, I'd like to make sure that you understand your various rights to counsel. You have basically three rights to counsel in these proceedings. The first right that you have is your right to have the convening authority detail, and by that, I mean appoint a military lawyer to your case. I see that you have several orders there in front of you. Do you see order number 47 there? If you'd look at the bottom of that order, Private Houston, you'll see Captain Pitts' name. That means he has been appointed as your defense counsel by the convening authority, who at that time was General Todd. I notice that Captain Pitts is present at your table, so I assume you're aware of your right to have

demonstrates adequately that the appellant was completely aware of his Article 38(b), UCMJ, rights to counsel and there was no prejudice to him.

The carefully detailed *Donohew* inquiry of the instant case plus the whole record[4] distinguish it from those inquiries found wanting in the *Cole* and *Bostice* cases, *supra.*

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CARNE concurs.

Chief Judge DE FIORI not participating.

Captain Pitts as your appointed defense counsel, is that correct?

ACC: Yes, sir.

MJ: The second right that you have is you may request a military lawyer by name and if that military lawyer that you request is reasonably available, then he could act as your counsel and if that happened, Captain Pitts could assist that person as associate counsel. Do you understand your right to request a military lawyer by name?

ACC: Yes, sir.

MJ: The third kind of counsel that you have—could have would be a civilian lawyer. This would be provided by you at no expense to the government. If you had a civilian lawyer, then once again, Captain Pitts could assist that person as associate counsel. Do you understand your right to have a civilian lawyer?

ACC: Yes, sir.

MJ: So, I ask you, Private Houston, do you understand your rights to counsel?

ACC: Yes, sir.

MJ: And, by whom would you like to be defended?

ACC: By Captain Pitts, sir.

4. The allied papers of the record of trial also show that the appellant was interviewed by a CID agent and that he signed a rights waiver certificate, DA Form 3881, which provided:

I have a right to talk to a lawyer before or after questioning or have a lawyer present with me during questioning. This lawyer can be a civilian lawyer of my own choice at my own expense or a military lawyer detailed for me *at no expense to me.* Also, I may ask for a military lawyer of my choice by name and he will be detailed for me if his superiors determine he is reasonably available. (Emphasis supplied.)