UNITED STATES, Appellee,

v.

Private (E-1) Richard A. PERILLO, SSN 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, United States Army, Appellant.

SPCM 13510.

U. S. Army Court of Military Review.

27 Nov. 1978.

Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain R. Wade Curtis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Major David McNeill, Jr., JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

On his plea of guilty, the appellant was convicted by a special court-martial of unauthorized absence, larceny (two specifications) and housebreaking (two specifications). Court members sentenced him to a bad-conduct discharge and forfeiture of $250.00 pay per month for four months. The convening authority approved the sentence.

In a reply brief filed with this Court, the Government—

. . . concedes that the record contains no review by the staff judge advocate and that the adjudged [sic] and approved sentence exceeds the limits established by the pretrial agreement. The Government concurs in appellant's request that the record of trial be returned to the convening authority for a review and new action.

A third assigned error would, if meritorious, require a rehearing (or dismissal of the charges). Accordingly, we will discuss that error. Cf. *United States v. Johnson*, 5 M.J. 664, 665–66 (A.C.M.R. 1978).

The error asserted is a deficiency in the military judge's advice to the appellant concerning his right to counsel. See *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). The trial judge advised the appellant, in part, as follows:

[Y]ou have the right to be represented today by a civilian lawyer if provided by you, but not at any expense to the United States Government. . . . You also have the right to be represented by a military lawyer of your own choice, if he's deemed reasonably available. . .

The judge did not, however, specifically state that the military lawyer, if available, would be provided free of charge. The appellant did not seek individual counsel and elected to be defended by the two named officers from another command who had been detailed as defense counsel and assistant defense counsel.

 In support of his contention that the advice was erroneously incomplete, appellant cites *United States v. Cole*, 43 C.M.R. 675 (A.C.M.R. 1971), and a more recent, unpublished, decision of this Court. Those cases do not provide the much-needed support for his proposition for in neither of them had it been made clear to the accused in the first place that he was entitled to the services of an individually-requested military counsel. Indeed, appellant cites no controlling authority (and we have found none) requiring the further advice that the individual military counsel will be provided free of charge.[1] Various secondary authorities suggest the wisdom of such advice, but neither the Code, the Manual, nor *Donohew* require it.[2]

Therefore, we hold that there was no error. By way of dictum, we note that the

---

1. We note, too, the absence of any contention that appellant should have been told that the *detailed counsel* would be free of charge.

2. *Accord; United States v. Houston*, 6 M.J. 613 (A.C.M.R. 31 Oct. 1978). The authorities cited to us are Appendix 8 to the Manual for Courts-Martial, United States, 1969 (Revised edition), which we note, is entitled "Procedures for Trials before General Courts-Martial . . . ," and Department of the Army Pamphlet 27–9,

*Military Judges' Guide* (May 1969). *But see*, Department of the Army Pamphlet 27–15, *Trial Guide for the Special Court-Martial* (May 1969) 15, 36. We have referred to these as secondary authorities because they do not have the force of law. They are mandatory only to the extent they correctly reflect codified and decisional law. *Cf.* Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b) (1976); Manual for Courts-Martial, *supra*, paragraph 53*h*.

**680**

claimed error would be harmless. *Cf. United States v. Copes*, 1 M.J. 182, 183 (C.M.A. 1975). Juxtaposed with the advice that civilian counsel would not be provided at Government expense, there scarcely could have been any doubt that military counsel would be at Government expense.

For the reason previously noted, the action of the convening authority, dated 18 July 1978, is set aside.[3] The record of trial is returned to The Judge Advocate General for a review and new action by the same or a different convening authority.

Judge TALIAFERRO and Judge WATKINS concur.

---

3. We also note that the initial action failed to defer forfeitures. *See United States v. White*, 14 U.S.C.M.A. 646, 655, 34 C.M.R. 426, 435 (1964).