## UNITED STATES

v.

**Randy S. MOORE, 317 70 0750, Private (E-1), U. S. Marine Corps.**

**NCM 78 1542.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 June 1978.

Decided 15 May 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

ROOT, Judge:

At a special court-martial appellant was convicted, in accordance with his pleas, of two periods of unauthorized absence. During the trial before a military judge, he was represented by a civilian counsel and, until appellant waived his further services, by a detailed defense counsel.

Appellant now complains that the failure of the judge to advise him, pursuant to Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b), of his right to be represented by a military counsel of his choice was prejudicial to his substantial rights. *United States v. Donohew,* 18 U.S. C.M.A. 149, 39 C.M.R. 149 (1969). He asserts that the purpose of the *Donohew* inquiry is to assure that a military accused understands the various options he has under the Code with respect to counsel representation. Appellant further points out that although he had civilian counsel, he still had the right to discharge that counsel and to select military counsel of his own choice. *Cf. United States v. Jordan,* 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973). In *United States v. Jorge,* 1 M.J. 184 (C.M.A. 1975), the opposite side of this question was presented. There the accused was represented by an individual military counsel of his choice, and the military judge neglected to inform the accused that he had a right to be represented by civilian counsel or to ascertain the accused's understanding of his right thereto. Our judicial seniors held that prejudice was apparent because there was no way to determine what choice the appellant would have made had he been given the required advice pursuant to *Donohew.*

The Government argues that where, as here, there is a civilian counsel relationship

prior to trial and an express desire to retain the detailed defense counsel, there can be no error stemming from a lack of advice concerning an individual military counsel since appellant has no further rights thereto. While we find considerable merit in this reasoning, still we perceive no distinction between the present case and that of *Jorge, supra.*

Subsequent to *Jorge,* this Court ruled in a case which is precisely in point:

> . . . the point is the record is not clear what choice appellant would have made if he knew he could have individual military counsel, if reasonably available. In sum, [Senior] Judge Ferguson has stated in *Jorge* the advice in *Donohew* must be given. It was not here. The trial judge . . . fell into error.

*United States v. Jackson,* No. 75 2302 (NCMR 21 November 1975). As the trial judge in *Jackson* fell into error, so too did the judge in this case. *Jorge* and *Jackson* are completely dispositive of the issue. Even in those cases in which an accused is represented by either a military counsel of his choice or a civilian counsel, the military judge must make a full and complete exposition for the record of the accused's understanding of his right to counsel pursuant to Article 38(b), Uniform Code of Military Justice, and *United States v. Donohew, supra.*

Accordingly, the findings and sentence are set aside. The record is returned to the Judge Advocate General. A rehearing may be held.

Chief Judge CEDARBURG and Judge FERRELL concur.