**UNITED STATES, Appellee,**

v.

**Private First Class Andrew L. HADLEY, Jr., SSN 261–47–0237, United States Army, Appellant.**

**CM 439115.**

U. S. Army Court of Military Review.

18 July 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Edward J. Walinsky, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Brian X. Bush, JAGC, and Captain Charles A. Cosgrove, JAGC, were on the pleadings for appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted in a trial by general court-martial of possession and sale of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extended to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction to Private E–1.

In his appeal to this Court pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the appellant cites as error the failure of the military judge to advise him of his right to be represented by "military counsel of his own selection if reasonably available," as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). The appellant was represented at trial by individual civilian counsel; he excused detailed military counsel.

The appellant is correct in his contention that the military judge neglected to mention specifically individual military counsel, referring only to "individual counsel" and "individually retained civilian counsel" in explaining to him his rights to counsel. This oversight amounts to a violation of the directive in *Donohew*[1] and is therefore error, but we do not believe corrective action is required.

The United States Court of Military Appeals has not yet addressed this precise issue. They have considered a reverse factual situation, however, and have held that failure to advise an accused who was represented by individual military counsel that he also had the right to be represented by civilian counsel was error requiring reversal and rehearing. *United States v. Jorge*, 1 M.J. 184 (C.M.A.1975). Their reasoning was

that they could not determine what choice the accused would make were he advised fully of his counsel rights.

Relying on the reasoning of *Jorge*, but decrying the results, the Courts of Military Review have held that a failure to advise an accused represented by civilian counsel of his right to be represented by military counsel of his own choice requires reversal. *United States v. Moore*, 7 M.J. 693 (N.C.M. R.1979); *United States v. Fellows*, 5 M.J. 674 (A.C.M.R.1978). Both courts pointed to the language of *Jorge* to the effect that they could not tell what the accused's choice would be when presented the option of military counsel. Therefore, despite the unlikelihood that an accused would renounce his already retained civilian defense counsel for a military counsel, the courts felt constrained to give the accused that option. *See generally United States v. Jordan*, 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973).

This case differs from *Jorge, Moore* and *Fellows* in that here we knew what choice appellant would make when advised fully of his counsel options. We can look to the Article 32(b) Report of Investigation to see that when this appellant was advised that he could have military counsel of his own selection represent him, he chose to proceed with civilian counsel. He reaffirmed that choice at the appropriate time in his court-martial.

A similar procedure was followed in *United States v. Whitmire*, 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972) to ascertain the choice an accused would have made had he been apprised fully of his rights to counsel. There the appellant was represented at trial by his detailed military counsel only. The military judge advised him properly of his right to individual civilian counsel but failed to advise him of his right to individual military counsel. Contrary to *Jorge*, where the Court of Military Appeals stated:

> Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this opinion should reflect this requirement has been met." *United States v. Donohew*, 39 C.M.R. at 152.

---

1. "We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), 10 U.S.C. § 838(b), as well as his understanding of his entitlement thereunder.

". . . there is no way to determine what choice the appellant would have made had he been given the advice required by *Donohew* . . . ," the Court in *Whitmire* found a way to determine that choice.[2] It did so by looking at the Article 32(b) investigation and the accused's subsequent decisions at trial. The Court concluded from the Article 32(b) investigation and from elsewhere in the record that the accused was aware of his counsel options, that he had expressly selected his military counsel by name at the time of the investigation, that that same counsel was detailed on orders to represent him at trial, and that accused had confirmed his desire for continued representation by him.

The Court of Military Appeals in *Whitmire* confirmed Judge Finkelstein's view expressed in *United States v. Cole*, 43 C.M.R. 675 (A.C.M.R.1971) that a *Donohew* error resolved into a question of prejudice when it said:

> Adherence to established procedure is certainly good practice. But, a departure from the ritual of established procedure is not necessarily bad practice; it may simply be another way of serving the same purpose and achieving the same goal as the prescribed procedure. See *Miranda v. Arizona*, 384 U.S. 436, 479, 490, 86 S.Ct. 1602 [, 1630, 1636,] 16 L.Ed.2d 694 (1966). However, even bad practice does not justify reversal of an otherwise valid conviction if no harm results to the accused. 45 C.M.R. at 43.

Just as the Court of Military Appeals found no prejudice in *Whitmire* from the failure of the military judge to advise the accused of his right to an individual military counsel, so do we here find no prejudice from the same failure. We have no doubt what this appellant's decision would be had he been advised properly. He received competent representation from the counsel of his choice.

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.

---

**2.** The cases of *Jorge, Moore* and *Fellows* were special courts-martial whereas *Whitmire* and this case are general courts-martial. An Article 32(b) investigation with its attendant right to counsel advisement is required in a GCM but not in a SPCM.