UNITED STATES

v.

**Technical Sergeant John H. SVAN, FR 265–84–4789 United States Air Force.**

**ACM 22882.**

U. S. Air Force Court of Military Review.

20 Feb. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain G. Michael Lennon.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before ARROWOOD, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

Contrary to his plea, the accused was found guilty of the possession of 5.8 pounds

of marijuana, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and was sentenced to a bad conduct discharge and reduction to the grade of airman basic.

We have considered the six assignments of error made by the appellate defense counsel and have decided each adversely to the accused. Two assertions, however, merit our discussion.

■ In the first assignment of error, appellate defense counsel contend that the military judge erred in failing to inquire of the accused on the record whether he wished to release his first detailed defense counsel. After the first detailed counsel had been relieved by orders amending the composition of the court-martial, another defense counsel who, along with the first, had represented the accused at the Article 32 Investigation was appointed. The trial counsel announced that the first detailed counsel had been "relieved by the accused." Neither civilian counsel, individually requested military counsel, detailed counsel or the accused objected to or offered any disagreement with this assertion. No other mention was made of the first detailed counsel. After a long explanation and inquiry into accused's rights to counsel by the military judge and further consultation with counsel, the accused announced that he dismissed his second detailed counsel and would be defended by civilian counsel and the requested military counsel, both of which he requested by name.

The record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), *Code*, 10 U.S.C. § 838(b), *supra*, as well as his understanding of his entitlement thereunder. *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). However, under the facts set out above we find no prejudice to the accused resulting from the failure of the military judge to specifically inquire as to the accused's excusal of the first detailed defense counsel. *United States v. Whitmire*, 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972).

Appellate defense counsel in the fifth assignment of error contend that the failure to record and transcribe the in-chambers discussion about a defense proposed instruction resulted in a non-verbatim record of trial.

Counsel for both sides approached the military judge while in chambers, and defense counsel requested that the judge instruct the members to completely disregard the testimony of several witnesses as to the accused's uncharged misconduct. The judge indicated that he thought such an instruction was inappropriate, but would instruct that the misconduct could be used only for a limited purpose.

During an Article 39a Session, 10 U.S.C. § 839(a) following the military judge's limiting instruction to the court members, the defense counsel objected to the instruction, claiming that it had served only to highlight the misconduct of the accused. At that time the military judge described for the record what had occurred in his chambers.

■ Trial proceedings begin when the military judge formally calls the court into session. They include all open sessions of court with members, sessions held out of the presence of the members, and sessions in which the trial is conducted by the military judge alone. Manual for Courts-Martial, 1969 (Rev.), paragraph 53*d*. See MCM, 1969 (Rev.), Appendix 8; *United States v. Richardson*, 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972). All rulings made or instructions given by the military judge shall be made or given in open session and will be included in a verbatim record of trial, provided a verbatim record is otherwise required. MCM, 1969 (Rev.), para. 82*b*(1) and 39*c*; *United States v. Gray*, 7 M.J. 296 (C.M.A. 1979). Informal communications between the military judge and counsel made outside the open sessions of the court are not a part of the trial proceedings. Therefore, discussions of and rulings on matters affecting the substantial rights of the accused should not be handled informally, MCM, 1969 (Rev.), para. 39*c*. If discussions of this nature do occur, they should be fully explained on the record so that it can be

determined whether the accused was prejudiced thereby. See *United States v. Henderson*, 11 U.S.C.M.A. 556, 29 C.M.R. 372 (1960); *United States v. Adamiak*, 4 U.S.C.M.A. 412, 15 C.M.R. 412 (1954); *United States v. Bielecki*, 44 C.M.R. 774 (NCMR 1971), affirmed, 21 U.S.C.M.A. 450, 45 C.M.R. 224 (1972). Conversely, a conference between the military judge and counsel, or the senior court member, held outside of the court for discussing the time of a routine commencement or continuation of the trial need not be made a part of the record. MCM, 1969 (Rev.), para. 39c.

In the case at hand, the communication between the military judge and counsel resulted in a ruling by the judge as to instructions. It resolved a matter that should have been addressed in an Article 39 a Session where it would have then become a part of the verbatim record. However, the defense counsel informally brought the issue to the judge while the court was in recess. The court was not called to order, and neither the accused nor the reporter were present during the discussion. While it was not good practice for the military judge and counsel to informally determine matters which should be addressed at an open session of the court, the fact that this occurred does not make their informal discussion a part of the trial proceedings. Since we find that the in-chambers discussion was not a part of the trial proceedings, it need not have been recorded verbatim in the record of trial.

Having been present, defense counsel was aware of what transpired in the informal discussion and assisted in fully disclosing the nature of the transaction on the record.* We are satisfied by the clear and positive showing that the accused was not prejudiced by the in-chambers discussion. *United States v. Bielecki*, 21 U.S.C.M.A. 450, 45 C.M.R. 224 (1972).

Having concluded that no error materially prejudicial to the substantial rights of the accused was committed, the findings of guilty and the sentence are

AFFIRMED.

KASTL and MAHONEY, Judges, concur.

---

\* Post-trial claims of prejudice arising from such off-the-record communications will find little succor on review, if not made part of the record. If trial defense counsel believe that an off-the-record communication, in which he has participated, or of which he has knowledge, has adversely affected the substantial rights of the accused, it is incumbent upon him to place the matter on the record at the earliest opportunity for an Article 39a Session. Failure to do so will ordinarily result in waiver of any claimed error pertaining to the off-the-record communication.