**UNITED STATES**

v.

**Charles L. ALBAN, 518 64 1227, Hull Maintenance Technician Third Class (E-4), U.S. Navy.**

**NMCM 83 4749.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence adjudged 6 May 1983.

Decided 9 March 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LCDR Claude P. Goddard, JAGC, USN, Appellate Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, MITCHELL and BARR, JJ.

ABERNATHY, Judge: *

Appellant, contrary to his plea, was convicted by special court-martial, composed of members, of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to confinement at hard labor for 90 days, forfeiture of $186.00 pay per month for 3 months, reduction to pay grade E-1 and a bad conduct discharge. The convening and supervisory authorities approved the findings and sentence as adjudged.

Appellant assigns five errors, none of which we find to be meritorious. We find the first assignment, however, to be worthy of discussion.

PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE GAVE ERRONEOUS ADVICE TO APPELLANT WITH REGARD TO APPELLANT'S COUNSEL RIGHTS. WHEN HE WAS INFORMED APPELLANT DESIRED TO REQUEST AN INDIVIDUAL MILITARY COUNSEL, THE MILITARY JUDGE ADVISED APPELLANT HE WOULD HAVE TO CHOOSE EITHER THE INDIVIDUAL MILITARY COUNSEL OR THE CIVILIAN COUNSEL (R. 5). SUCH ADVICE WAS WRONG. ARTICLE 38b, UNIFORM CODE OF MILITARY JUSTICE; PARAGRAPH 48a, *MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1969 (REVISED EDITION).* SINCE THIS ADVICE APPARENTLY CHILLED APPELLANT FROM EXERCISING HIS RIGHT TO INDIVIDUAL MILITARY COUNSEL, APPELLANT

---

* Captain Kenneth L. ABERNATHY took final action on this case prior to his detachment on 29 February 1984.

WAS PREJUDICED AND CORRECTIVE ACTION IS REQUIRED. *UNITED STATES V. GRIFFIN,* 16 M.J. 836 (NMCMR 1983).

At a preliminary Article 39(a), UCMJ session, 10 U.S.C. § 839(a), appellant was advised by the military judge as to his right to representation by counsel. Appellant was represented at that session by detailed defense counsel and retained civilian counsel. At that session, appellant volunteered that he had previously requested individual military counsel although no one in particular. The military judge advised appellant that if he requested individual military counsel and if that counsel were made available to him, he would have to choose between that military counsel and his retained civilian counsel.[1]

These comments were erroneous. Article 38(b), UCMJ, 10 U.S.C. § 838(b), and paragraph 48(a), *Manual for Courts-Martial, 1969 (Rev.)* (MCM) provide that an accused may be represented by both civilian counsel retained by him, as well as military counsel, either detailed or of an accused's own selection.

Appellant asserts that the military judge's erroneous advice in this regard, violated the Court of Military Appeals' mandate in *United States v. Donohew,* 18 U.S.C. M.A. 149, 39 C.M.R. 149 (1969). Appellant relies upon the decision by another panel of this court in *United States v. Griffin,* 16 M.J. 836 (NMCMR 1983). Like *Griffin,* he argues that he was prejudiced because it is impossible for a reviewing court to determine from the record what choice as to counsel the accused would have made had he been appropriately advised.

It has been held, however, that departure from a standard *Donohew* litany, while perhaps constituting bad practice, does not justify reversal of an otherwise valid conviction if no harm results to the accused. *United States v. Whitmire,* 21 USCMA 268, 45 CMR 42 (1972); *United States v. Hadley,* 9 MJ 866 (ACMR 1980), *pet. denied,* 10 MJ 86 (CMA 1980).

We believe appellant's reliance on *Griffin* is misplaced. In the case *sub judice,* as in

---

1. MJ: Very well. At this point I will explain for you your rights to counsel. As is your right, Lieutenant Commander McDonald has been detailed to defend you at this trial. You also have the right to request a military lawyer of your choice. If this requested military lawyer is reasonably available, then he or she would be provided at no expense to you. However, if you are represented by military counsel of your selection, you will ordinarily be required to give up your detailed counsel, unless you specifically request otherwise and the Convening Authority, in his discretion, approves this request. In addition to a military lawyer, you have the right to be represented by a civilian lawyer retained by you or someone helping you, at no expense to the Government. If you are represented by civilian counsel, your military lawyer can continue as the associate counsel or be excused, whichever is your choice. Do you understand these rights to counsel?
ACC: Yes, sir.
MJ: Do you want to be represented by Mr. Ferrara?
ACC: Yes, sir.
MJ: Do you want to have Lieutenant Commander McDonald continue as associate counsel or be excused?
ACC: I'll have him continue.
MJ: Very well. Do you have or want any other military or civilian lawyer?
ACC: I requested an IMC a while back.

MJ: Okay, let me explain that to you. First of all, who did you request?
ACC: No one in particular. I just . . . . .
MJ: All right, that's fine. Let me explain to you that you have a civilian lawyer; you've retained Mr. Ferrara, correct?
ACC: Right.
MJ: But that does not mean that you have to give up your pursuit of an Individual Military Counsel. However, since you've retained Mr. Ferrara, what would happen is that you would have to find out if that military lawyer will be made available for you, and then you'd have to make your choice, the IMC, Individual Military Counsel, or Mr. Ferrara. Do you understand that?
ACC: Yes, sir.
MJ: So what is your decision at this point? Do you want to go ahead with your Civilian Counsel and Lieutenant Commander McDonald, or would you like to pursue an Individual Military Counsel?
ACC: I'll continue with the counsel I have now.
MJ: All right. Are you satisfied in all respects with the efforts of both of these gentlemen in your behalf?
ACC: Yes, sir.

*Whitmire* and *Hadley,* there are several circumstances, each a part of the record, which compel the conclusion that appellant knew of his right to request individual military counsel but prior to the military judge's inquiry had decided not to exercise that right.

The record indicates that appellant had retained civilian counsel approximately one week after he was informed of the pending charges and that the scope of that representation was to include the Article 32 hearing as well as the trial on the merits (R. 17; App. Ex. I).

Although the case was referred to trial by special court-martial, it was originally referred to a general court-martial. The Article 32 hearing was held on 3 March 1983. Appellant was represented by his detailed defense counsel. His civilian counsel was absent from the area due to an emergency.

Prior to the initial 39(a) session, appellant had been advised of his right to request individual military counsel. Although presumably appellant was advised by his trial defense counsel and by the Article 32 investigating officer of his counsel rights, we need not rely on mere presumption. Appellant's responses to the judge's inquiry establishes that he was so advised and that he at least considered making such a request. However, his failure to request any particular counsel and his statements that he wished to be represented at trial by his detailed and civilian counsel indicate a conscious decision on his part not to pursue a request for individual military counsel. Therefore, we believe that the purposes of *Donohew*—the accused's understanding of his rights to counsel and the exercise thereof—were fulfilled.

Moreover, we believe that the military judge's advice as to the need to choose between individual military counsel and civilian counsel, while erroneous, was at best a hypothetical ruling which was not intended to foreclose the possibility of a request by appellant for individual military counsel, at that time or later in the proceedings.

*United States v. Montoya,* 13 M.J. 268 (CMA 1982).

While we cannot be absolutely certain that appellant, under the circumstances presented in the case *sub judice,* would not have requested individual military counsel, but for the misstatements of the military judge, we will not indulge in hypothetical speculations as to remote possibilities, especially where, as here, such an "eleventh hour" request could have been denied as untimely. We particularly decline to do so where the possibility is contrary to the actions and statements of the appellant and where the appellant does not aver that but for the judge's mistake he would have requested such counsel or that his counsel were ineffective in their representation.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge MITCHELL and Judge BARR concur.