**UNITED STATES**

v.

**Airman James W. CARROLL, FR 456–63–5793, United States Air Force.**

**ACM 25545.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 June 1986.

Decided 9 Jan. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Charles E. Ambrose and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Andrew J. Adams, Jr., Colonel Joe R. Lamport, and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

The appellant was charged with desertion for an eighteen month period terminated by apprehension. He pleaded guilty to the lesser included offense of absence without leave for eighteen months terminated by apprehension, but was found guilty of desertion by a general court-martial composed of members. The sentence approved by the convening authority was a bad conduct discharge, confinement for sixteen months, forfeiture of $426.00 pay per month for sixteen months, and reduction to airman basic.

The appellant has assigned as error the failure of the military judge to advise him of his right to retain civilian counsel in accordance with Article 38(b), Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 838(b) and Rule of Courts-Martial (RCM) 901(d)(4). We agree, but find that this omission did not constitute reversible error.

From an examination of the record it is clear that the military judge advised the appellant of his rights to military counsel, but for some reason failed to advise the appellant of his right to employ civilian counsel. Perhaps he was interrupted during his advice as to counsel and lost his place, for immediately after completing the defective advice the military judge announced a recess because he had just been given a signal that he was needed at another trial.

In *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (C.M.A.1969), the Court of Military Appeals held that the record of each special and general court-martial should contain the accused's personal responses to direct questions incorporating each of the right-to-counsel elements of Article 38(b), U.C.M.J., as well as, his understanding of his entitlement thereunder. One of these elements is that the accused may be represented before a general or special court-martial by civilian

counsel if provided by him. Article 38(b)(2), U.C.M.J. The *Donohew* rule is now incorporated into the Manual for Courts-Martial, 1984, (MCM, 1984) by RCM 901(b)(4), which places the responsibility upon the military judge to give the required advice and receive the accused's responses in open court.

Subsequent to *Donohew* the Court of Military Appeals examined the prejudice which might result from failure to give the required advice on the record. If it was clear on the record that the accused was not prejudiced by the omission, the error was found to be harmless. *United States v. Turner,* 20 U.S.C.M.A. 187, 43 C.M.R. 7 (C.M.A.1970); *United States v. Whitmire,* 21 U.S.C.M.A. 268, 45 C.M.R. 42 (C.M.A. 1972); *see also United States v. Svan,* 10 M.J. 784 (A.F.C.M.R.1981), *pet. denied,* 11 M.J. 365 (C.M.A.1981). However, where the record did not affirmatively show an absence of prejudice, the Court of Military Appeals held prejudice was apparent. *United States v. Copes,* 1 M.J. 182 (C.M.A. 1975); *United States v. Jorge,* 1 M.J. 184 (C.M.A.1975); *United States v. Anastasio,* 1 M.J. 198 (C.M.A.1975); *United States v. Young,* 1 M.J. 433 (C.M.A.1976). The remedy in such cases was reversal with leave to order a rehearing.

More recently the Navy-Marine Corps Court of Military Review ordered a limited hearing in accordance with *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A.1967), in a case where the record did not affirmatively establish the deficient counsel advice was not prejudicial. In a two judge decision the Court of Military Appeals approved that procedure. *United States v. Johnson,* 21 M.J. 211 (C.M.A.1986). Both judges wrote opinions. Chief Judge Everett, writing for the Court stated, inter alia:

> The Government contends that the military judge did discuss the accused's three options as to counsel, so a limited rehearing is unnecessary, unless the accused submits an affidavit or other evidence to the effect that he was misled by the judge's advice and would have re-

quested military counsel if it had appeared that he still might retain the services of his detailed counsel. We agree that, under the circumstances of this case, the court below could have required some showing by the accused as a precondition for his asserting a claim that he had been deprived of his statutory right to request counsel. However, even though the Court of Military Review was free to take this course, we do not believe that it was required to do so. Instead, in its discretion, it could insist that the facts be determined in a hearing where cross-examination of witnesses would be available.

*United States v. Johnson, supra,* at 215–216.

Clearly it is Chief Judge Everett's position that the accused can be required to show specific prejudice in these situations. Judge Cox agreed and added:

> ... I would encourage military appellate courts to apply an Article 59(a) test in a case under circumstances such as those presented here. Additionally, I would require the accused to make some allegation as to what different result might have been achieved by another lawyer if he had been present during the proceedings ... It is not unreasonable for us to put the burden on the accused to say, through counsel, to appellate courts that he is dissatisfied with the result in his case; that he wants a new trial or a different result; and that he tell us why.... I simply would like to achieve a balance between what is just and proper in terms of Article 59(a). There is a difference between denying an accused the right to counsel and failing to advise, or misadvising, an accused as to that right. As to the latter, I do not believe reversible error necessarily occurs. Hence, on the facts of this case, I could affirm the findings and sentence.

*United States v. Johnson, supra,* at 217.

*Johnson* does not overrule *Donohew.* Furthermore, the rule is repeated in the MCM, 1984. Military judges will continue to advise accused and receive their respons-

es because they are unequivocally required to do so. Consequently, the *Donohew* procedure will endure as one of the marks of fairness in the military justice system.

We have an additional procedure in our system to insure that military members are aware of rights to counsel. Every accused is provided with a military defense counsel. Article 27, U.C.M.J., 10 U.S.C. § 827. Military defense counsel should advise the accused of all his rights to counsel, including the right to retain civilian counsel. RCM 502(d)(6), Discussion (A). We believe, therefore, that most accused already have an understanding of their rights to counsel before the military judge advises them at trial.

Of course there may be occasions where the accused goes to trial ignorant of his rights to counsel. Therein lies the most important benefit of the *Donohew* requirement. However, if the accused already understands his rights to counsel and has made his decisions as to counsel, an inquiry by the military judge does him little benefit.

It is apparent to us that the law has evolved since 1975 and 1976. *United States v. Johnson, supra,* while preserving the *Donohew* rule, acknowledges that actual prejudice to the accused is necessary if a case is to be reversed for failure of the military judge to properly advise an accused of his rights to counsel. If this showing is not made, an appellate court, in accordance with Article 59(a), 10 U.S.C. § 859(a) need not give any relief to an accused.

In the case before us the appellant has made no showing that he was actually prejudiced by the military judge's error. He does not claim that he was unaware of his right to civilian counsel, he does not say he would have employed civilian counsel if he had known he could, and he does not aver the result of his trial would or may have been different had civilian counsel represented him. Through counsel he has merely identified the error and directed our attention to *Donohew* and *Johnson*. At this stage of the proceedings we do not believe a *DuBay* hearing would be helpful.

Therefore, we find the appellant has not demonstrated he was materially prejudiced by the military judge's error. We conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS concurs.

LEWIS, Judge (dissenting):

I respectfully dissent. Chief Judge Everett and Judge Cox, in their separate discussions in *United States v. Johnson,* have simply not altered the law to such an extent as to justify the result reached by the majority. I am not certain what the exact status of the law as to *Donohew* advisements is at this juncture, but I am reasonably certain that it is not what the majority relies on in finding a basis to affirm. In my view, reversal is required.

*Johnson* was written in a factual context much different from that in the case at hand. In *Johnson,* the military judge advised the accused that if he elected to be represented by individual military counsel he would automatically lose the services of his detailed counsel. This advice was erroneous, although perhaps not entirely misleading in practice. Article 38(b)(5), (6), U.C.M.J. The error in *Johnson* was benign to the point of nonexistence when compared to the substantial omission in this case. The lack of advice as to civilian counsel effectively eliminated one of the three primary prongs of counsel rights out of hand. Article 38(b)(2), U.C.M.J. This case clearly does not present an appropriate fact situation to accommodate a greatly narrowed view of the *Donohew* requirement.

It is useful to examine the Staff Judge Advocate's post-trial recommendations, wherein the omission of an on-the-record advisement of the appellant's right to employ civilian counsel was first noted. The

Staff Judge Advocate made two points which may readily be answered: (1) The defense counsel has an independent responsibility to advise his client of his counsel rights. R.C.M. 502(d)(6), Discussion. If the record affirmatively reflected that counsel had, in fact, advised his client, we could rely on *United States v. Turner, supra,* in determining that the appellant suffered no prejudice. This record does not contain such a showing. We must then turn to the *Donohew* court's guidance in mandating the counsel rights advisement: "In taking such action, we intend no reflection on the ability of certified counsel, but conclude that a full statement on the record eliminates uncertainty on appeal and makes it clear to all concerned that the accused had received proper advice." *United States v. Donohew,* 39 C.M.R. at 152. (2) The appellant was made aware of his right to employ civilian counsel at the time of the Article 32, U.C.M.J., 10 U.S.C. § 832 hearing. This statement is confirmed by an affidavit prepared by the Article 32 Investigator and attached to the recommendations. However, it is clear from a reading of the affidavit and a copy of the procedure guide which is attached thereto that the advice the appellant received related to "this investigation" and did not purport to cover the entire trial process. The subsequent lack of advice concerning civilian counsel more readily supports an inference that the appellant may have perceived his counsel rights at trial as being more restricted than in the previous proceeding.

This case is controlled by the proposition enunciated in *United States v. Copes* and *United States v. Jorge, supra,* that, when the record is silent as to either an adverse effect or lack of such an effect on an accused from an inadequate *Donohew* advisement, a presumption of prejudice prevails. In *Copes,* the accused received the overly restrictive advice that he might request individual counsel "from the SJA office." In finding prejudicial error, the Court stated, "Although the accused acceded to representation by his appointed counsel, there is no way to determine what

choice he might have made had he been given proper advice as required by *Donohew.* Without such assurance of record, prejudice is apparent." 1 M.J. at 183–184. Closer yet to this case on the facts is *Jorge,* wherein the Court of Military Appeals relied on *Copes* in reversing a conviction based on the military judge's failure to advise an accused of his right to civilian counsel, even though the accused had elected representation by individual military counsel. The Court explained:

Although this appellant, as manifested by the record, was no doubt aware of his right to be represented by individual military counsel in view of his specific election to do so, that fact, standing alone, provides no assurance that he also was aware of the right still available to him to be represented by civilian counsel.

1 M.J. at 185.

I find nothing in *Johnson* which suggests that the thrust of *Copes* and *Jorge* is no longer viable.

Adherence to the *Donohew* requirement will not, in my view, create a great onslaught of appellate mischief. We in the Air Force have lived quite well with the requirement for over 17 years and have not been inundated with problems arising from noncompliance. The case before us is clearly the rare exception wherein a problem has been identified during the post-trial process. I believe we ought to remedy the problem rather than attempt to write around it. By following the latter course, the majority is substantially and unreasonably watering down the *Donohew* mandate.

As noted in the majority opinion, the Court of Military Appeals has seemingly endorsed a *DuBay* hearing as a vehicle for resolving questions arising from inadequate *Donohew* advisements. *See United States v. Johnson, supra; United States v. Jacintho,* 21 M.J. 356 (C.M.A.1986). I would not feel comfortable with such a proceeding in this instance, wherein the information to be developed is peculiarly within the knowledge of the appellant and his detailed counsel at trial. *Cf. United*

*States v. Sauer*, 15 M.J. 113 (C.M.A.1983). Accordingly, I would set aside the findings of guilty and the sentence and authorize a rehearing.