# UNITED STATES

v.

**Robert M. DELANO, 228 90 2187, Airman Recruit (E–1), U. S. Navy.**

**NMCM 80 3118.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 June 1980.

Decided 26 Feb. 1982.

LCDR W. P. Caruthers, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and MALONE, JJ.

GLADIS, Senior Judge:

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

 Among other things, the accused contends that the court-martial lacked jurisdiction because the original Charge was withdrawn after arraignment from the court to which it had been referred, and rereferred to the court which tried him, in violation of paragraph 56*b*, *Manual for Courts-Martial, 1969 (Rev.) (Manual/MCM)*. We find no violation of this *Manual* provision which authorizes withdrawal and rereferral for good cause in the interest of justice. The record demonstrates that the reason for withdrawal and rereferral was to permit the accused to be tried on all charges at a single trial. *See* paragraph 30*g*, MCM, (charges ordinarily should be tried at a single trial by the lowest court that has power to adjudge an appropriate punishment) and paragraph 65*b*, MCM, (after arraignment additional charges cannot be introduced at the same trial). He became an unauthorized absentee on six additional occasions after the original arraignment. Additional charges constitute good cause in the interest of justice for withdrawal and rereferral. *See United States v. Hester*, No. 80 0217 (NCMR 18 June 1980) (unpublished). *Cf. United States v. Jackson*, 1 M.J. 242, 244 (C.M.A.1976). Individual defense counsel did not object at trial, but explicitly agreed with the military judge's finding that the record showed the withdrawal and rereferral was for good cause. We find that the withdrawal and rereferral was proper. The court-martial had jurisdiction.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BOHLEN and Judge MALONE concur.