UNITED STATES

v.

**Royce D. GRIFFIN, 244 17 6838, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 82 3156.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 Feb. 1982.

Decided 16 June 1983.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

Appellant was tried by a special court-martial on 2, 3, 4, and 5 February 1982, at Marine Corps Base, Camp Lejeune, North Carolina, on a charge alleging five violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, and an additional charge alleging perjury in vio-

lation of Article 131, UCMJ, 10 U.S.C. § 931. The Charge was referred to trial on 17 December 1981 and the Additional Charge was referred on 5 January 1982. Contrary to his pleas, appellant was convicted of the offenses charged and sentenced by the military judge to confinement at hard labor for four months, forfeitures of $367 pay per month for four months, reduction to pay grade E–1, and a bad-conduct discharge. On 24 March 1982, the convening authority approved the findings and sentence as adjudged, as did the supervisory authority on 6 May 1982, with the exception of a modification to the findings pertaining to specification 5 of the Charge.

■ In advising appellant of his rights to counsel pursuant to Article 38(b), UCMJ, 10 U.S.C. § 838(b), the military judge informed him that he was not entitled to representation by both detailed and individual military counsel. This counsel advice complied with Article 38(b), UCMJ, 10 U.S.C. § 838(b), as amended by the Military Justice Amendments of 1981. The amended version of the statute, however, is applicable only to cases referred to trial on or after 20 January 1982. Since the instant offenses were referred prior to that date, appellant was entitled to retain detailed counsel even if he elected representation by individual military counsel, as provided by the pre-amended version of Article 38(b), UCMJ, 10 U.S.C. § 838(b). Appellant was further apprised of the discretionary right to the appointment of assistant defense counsel,[1] see Article 38(b)(6)(A), UCMJ, 10 U.S.C. § 838(b)(6)(A), and indicated that he was satisfied with detailed counsel and that he did not desire representation by any other military lawyer.[2]

■ On 24 February 1983, we directed appellate counsel to submit briefs on the issue of whether the erroneous counsel advice was materially prejudicial to the sub-

---

1. The military judge, in his inquiry pursuant to Article 38(b), UCMJ, refers to the right to assistant defense counsel as the right to "associate counsel." See footnote 2, infra. We see no confusion caused appellant by this choice of terminology. We observe, however, that had the amended version of Article 38(b), UCMJ, been applicable to the instant case, the counsel advice would have contained a significant omission, for the military judge failed to advise appellant that if he elected to be represented by individual military counsel he could still request detailed counsel's services as associate counsel. See Article 38(b)(6)(B), UCMJ, 10 U.S.C. § 838(b)(6)(B). Whatever prejudicial effect this omission may have had upon appellant is rendered moot by our disposition of this case.

2. The counsel advice, in pertinent part, consisted of the following colloquy between appellant and the military judge:

MJ: Again, do you recall having discussed your rights with reference to a lawyer with your detailed defense counsel?
ACC: Yes, sir.
MJ: I want to remind you at this time that you have the right to be represented at this trial by a civilian attorney. But any civilian attorney must be provided by you at your own expense. Now, do you understand that? [The response, obviously in the affirmative, is not contained in the record of trial].
MJ: You also may be represented by a military lawyer furnished for you, or by a military lawyer of your own selection, if reasonably available. Now, do you understand this?
ACC: Yes, sir.
MJ: Now, you are not entitled to be represented by more than one military lawyer. Now, do you understand that?
ACC: Yes, sir.
MJ: The convening authority, in his sole discretion, may appoint an associate counsel. Do you understand that?
ACC: Yes, sir.
MJ: Now, if you are represented by a civilian counsel whatever military lawyer has been provided for you will act as an associate counsel, unless you ask to have such counsel excused. Do you understand that?
ACC: Yes, sir.
MJ: Now, if you hire a civilian counsel, such counsel will not be paid for by the U.S. Government. Do you understand that?
ACC: Yes, sir.
MJ: Now, do you have any questions about your right to counsel?
ACC: No, sir.
MJ: Now, do you want to hire a civilian counsel?
ACC: No, sir.
MJ: Now, is there any particular military lawyer of your own selection you want to represent you?
ACC: Lieutenant HOLMES, sir.
MJ: So there's no other military lawyer that you desire to have represent you?
ACC: No, sir.
(R. 2–3).

stantial rights of appellant. Considering the importance of the right to counsel and the precedent established in prior case law, we answer this question in the affirmative.

The Court of Military Appeals, in *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), unequivocally mandated that "the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding thereunder." *Id.* at 152, 39 C.M.R. at 152. The purpose of the Court's decision is to insure that an accused is properly advised and adequately understands the representation rights afforded him under the provisions of Article 38(b), UCMJ. *United States v. Copes,* 1 M.J. 182 (C.M.A.1975); *United States v. Bowman,* 20 U.S.C.M.A. 119, 42 C.M.R. 311 (1970); *United States v. Fortier,* 19 U.S.C.M.A. 149, 41 C.M.R. 149 (1969). When an accused receives erroneous counsel advice prejudice is apparent because it is impossible for a reviewing court to determine from the record what choice the accused would have made had he been appropriately advised. *United States v. Jorge,* 1 M.J. 184 (C.M.A.1975); *United States v. Moore,* 7 M.J. 693 (N.C.M.R.1979).

■ It is evident that appellant was prejudiced by the error in the instant case for we have no way of determining whether appellant would have exercised his right to representation by both detailed and individual military counsel had he known that he was entitled thereto. *See, e.g., United States v. Jorge, supra.* Appellant's expressed satisfaction with detailed counsel and his explicit statement that he did not desire representation by any other military lawyer failed to establish on the record what decision appellant would have made in this regard had he been properly advised. It is conceivable that appellant would have chosen individual military counsel had he not believed that such representation would jeopardize his right to the services of detailed counsel. Under such circumstances we will not presume waiver by appellant of his right to individual military counsel. *Cf. Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *United States v. Johnson,* 659 F.2d 415 (4th Cir.1981); *United States v. Cohen,* 419 F.2d 1124 (8th Cir.1969). "An accused cannot be found to have waived a right if he was not aware that he had it." *Irving v. Breazeale,* 400 F.2d 231, 235 (5th Cir.1968).

■ From our examination of the record, we are not completely convinced that appellant understood the right—subject to the sole discretion of the convening authority—to the services of an assistant defense counsel. Nevertheless, we believe that the counsel advice, taken in its entirety, fully supports the conclusion that appellant affirmatively indicated his desire not to retain an assistant counsel. *See* footnote 1, *supra.* When the record reveals an affirmative acquiescence to the relinquishment of a counsel right, the burden is upon the accused to "show by a preponderance of the evidence that his acquiescence was not sufficiently understanding and intelligent to amount to a waiver." *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).[3] *Accord, Moore v. Michigan,* 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). Appellant has failed to overcome this burden.

Our finding that appellant understood his right to the appointment of assistant defense counsel pursuant to Article 38(b)(6)(A), UCMJ, 10 U.S.C. § 838(b)(6)(A), has only a partial curative effect upon the erroneous counsel advice given in the instant case for appellant's right to individual military counsel was much more comprehensive than that to assistant counsel. It was mandatory that appellant be provided individual military counsel in addition to detailed counsel if he so desired and if such counsel was determined to be reasonably available, *see, e.g., United States v. Matthews,* 15 M.J. 622, 626–27 (N.M.C.M.R. 1982), whereas the appointment of an as-

**3.** "But no such burden can be imposed upon an accused unless the record—or a hearing, where required—reveals his affirmative acquiescence." *Id.* 369 U.S. at 516–17, 82 S.Ct. at 890.

sistant defense counsel lies within the discretion of the convening authority. Furthermore, appellant's right to individual military counsel extended to his specific choice of lawyers located throughout the world, which is not the case in the selection of assistant defense counsel, who, in general, are locally detailed.

We note that this Court has affirmed cases on the ground that the accused has expressed satisfaction with the presence and services of a single detailed defense counsel even though the record is silent as to his desire regarding representation by additional counsel detailed for his trial. *See United States v. John,* 12 M.J. 821 (N.M.C.M.R.1981); *United States v. Harris,* 12 M.J. 707 (N.M.C.M.R.1981). *Cf. United States v. Koren,* 17 U.S.C.M.A. 513, 38 C.M.R. 311 (1968). The question in those decisions is clearly distinguishable from that presented here because in those cases counsel advice minimally satisfied the mandate of *United States v. Donohew, supra* —the assertion by the defense being that the military judge should have inquired into whether an attorney-client relationship existed between the accused and the detailed counsel not present at trial. In the absence of objection by the defense or some other indication that would alert the military judge that an attorney-client relationship may have been established between the accused and a lawyer not present at trial we saw no reason for the judge to initiate such an inquiry. *United States v. John, supra; United States v. Harris, supra.*

Neither the mandate nor the purpose of *United States v. Donohew, supra,* have been satisfied in the instant case. The possibility that appellant would have chosen to exercise his right to representation by both detailed and individual military counsel requires corrective action for "the accused's complete understanding of his right to the advice and assistance of counsel, both before and at the time of trial, is of such importance...." *United States v. Fortier, supra* at 149–50, 41 C.M.R. at 149–50, citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See also United States v. Donohew, supra* at 152, 39 C.M.R. at 152.

Accordingly, the record of trial is submitted to the Judge Advocate General of the Navy for return to the general court-martial convening authority so that he may determine the appropriateness of proceedings in revision in accordance with paragraph 86d, *Manual for Courts-Martial, 1969 (Rev.). See United States v. Barnes,* 21 U.S.C.M.A. 169, 44 C.M.R. 223 (1972). If determined to be appropriate, the general court-martial convening authority may authorize the convening authority to cause to have conducted proceedings in revision, in which case, upon completion of such proceedings, the record shall be returned to this Court for further review. However, if proceedings in revision are deemed impracticable or inappropriate, the general court-martial convening authority shall set aside the findings and sentence and either authorize a rehearing or dismiss the charges.