UNITED STATES

v.

Brian MULLEN, 140 56 4420, Fireman
Recruit (E–1), U.S. Navy.

NMCM 84 1073.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 4 Nov. 1983.

Decided 9 May 1984.

LTCOL M.W. Lucas, USMC, Appellate
Defense Counsel.

LT Philip J. Shebest, JAGC, USNR, Appellate Defense Counsel.

CDR W.J. Hughes, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and
MAY and CASSEL, Judges.

PER CURIAM:

Appellant was convicted by a special court-martial of three separate violations of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, on 4 November 1983. The findings and sentence were approved on review below and the case is now before us without specific assignment of errors.

The original charge in this case was referred to trial on 7 April 1978, subsequently withdrawn, and referred again with two additional charges on 22 September 1983. At trial, the military judge advised appellant of his rights to counsel in a manner appropriate under Article 38(b), UCMJ, 10 U.S.C. § 838(b), as amended by the Military Justice Act of 1981. This included informing appellant that if he desired representation by individual military counsel he would forfeit his right to detailed counsel unless the convening authority granted his request for associate counsel. We note, however, that the amended statute applies only to cases referred to trial on or after 20 January 1982 and that the charge, although rereferred after that date, was initially referred prior to the effective date of the enactment. The question is therefore raised as to whether appellant was entitled

to the more expansive counsel rights provided by the pre-amendment version of Article 38(b), UCMJ. If so, the military judge would have been required to advise appellant that he had the right to representation by both detailed and individual military counsel.

■ When an accused receives counsel advice which erroneously restricts the rights provided by Article 38(b), UCMJ, he may be prejudiced thereby for it is impossible to determine on review what choice he would have made had he been properly advised. *E.g., United States v. Jorge,* 1 M.J. 184 (C.M.A.1975); *United States v. Griffin,* 16 M.J. 836 (N.M.C.M.R. 1983); *United States v. Jacintho,* No. 83 2815 (N.M.C.M.R. 29 September 1983) (unpublished). The prejudicial impact is not cured by an accused's statement on the record to the effect that he desires to be represented by detailed counsel and no other lawyer. As stated by this Court in *United States v. Griffin:*

> Appellant's expressed satisfaction with detailed counsel and his explicit statement that he did not desire representation by any other military lawyer failed to establish on the record what decision appellant would have made in this regard had he been properly advised. It is conceivable that appellant would have chosen individual military counsel had he not believed that such representation would jeopardize his right to the services of detailed counsel. Under such circumstances we will not presume waiver by appellant of his right to individual military counsel.

16 M.J. at 838 (citations omitted).

We recognize that a different conclusion was reached by another panel of this Court in *United States v. Alban,* 17 M.J. 100 (N.M.C.M.R.1984). In our judgment, however, that decision not only fails to follow the long line of precedent expounded by judicial interpretation of Article 38(b), UCMJ, from *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), to the present, *see, e.g., Griffin,* 16 M.J. 836, and cases cited therein, but represents a specific rejection thereof. We decline, therefore, to apply the reasoning used in *Alban* to this case.

■ In the instant case, the charge was referred prior to the effective date of the 1981 amendment to Article 38(b), UCMJ, but was rereferred subsequent to that date. The version of Article 38(b), UCMJ, which is applicable here is thus contingent upon the effect the rereferral of a charge has upon an earlier referral. Preliminary to our inquiry in this regard, we find that the rereferral of the charge to be tried together with the two additional charges was proper. "Additional charges constitute good cause in the interest of justice for withdrawal and rereferral." *United States v. Delano,* 12 M.J. 948, 949 (N.M.C. M.R.1982). This is especially true where, as in this case, the additional charges arose from appellant's post-referral unauthorized absences and the rereferral did not expose appellant to the increased sentencing jurisdiction of a general court-martial, but was instead to a second special court-martial.

■ In our view, the proper rereferral of a charge to another court-martial constitutes a "new" referral. While neither the Code nor the Manual specifically addresses this question, we believe that the practical effect of a rereferral amply supports our position. Furthermore, paragraph 33*j* (1), *Manual for Courts-Martial, 1969 (Rev.),* describes a rereferral as a "new reference" and directs that when a case is rereferred the original indorsement be lined out and initialed. The only indorsement remaining on the charge sheet is that relating to the rereferral and only it retains significance in the proceedings thereafter.

■ From the foregoing, we hold that appellant's counsel rights for purposes of Article 38(b), UCMJ, did not attach until the date of rereferral, which was subsequent to the effective date of the amendment to the statute. Consequently, the trial judge properly advised appellant in this regard. The findings and sentence as approved on review below are therefore affirmed.