## UNITED STATES

v.

**Paul D. BUTLER, 426 11 6680, Fireman Apprentice (E–2), U.S. Navy.**

## NMCM 84 3674.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Aug. 1984.

Decided 7 Nov. 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Susan R. Cornell, JAGC, USNR, Appellate Defense Counsel.

CDR W.J. Hughes, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL, JJ.

GLADIS, Senior Judge:

Appellant, charged under Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885, with one specification of desertion, pled guilty to the lesser included offense of unauthorized absence. A general court-martial composed of military judge alone found him guilty in accordance with his plea and sentenced him to be confined at hard labor for five months, to forfeit $300.00 pay per month for three months, to be reduced to pay grade E–1, and to be discharged with a bad conduct discharge. The findings and sentence were approved without modification by both the convening authority and the supervisory authority.

Although not raised by counsel, we note error in the manner in which appellant was advised of his rights to counsel at trial. Case law provides that an accused has a right to have his counsel options explained to him by the military judge in open court and that failure to do so may constitute reversible error. *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149, (1969). *Compare, United States v. Griffin*, 16 M.J. 836 (NMCMR 1983) *with United States v. Alban*, 17 M.J. 1002 (NMCMR 1984). This is now explicitly required under the Rules for Courts-Martial. R.C.M. 901(d)4, *Manual for Courts-Martial, 1984*.

In the case sub judice, the military judge only partially complied with his duties to inform the appellant of his counsel rights in accordance with the mandatory language of Rule 901(d)4. He explained appellant's various options as required under subsection (A) of that Rule, and, under subsection (C), inquired as to the appel-

lant's understanding of those rights. However, he did not directly meet the requirements of subsection (B); to inform the appellant that it may be possible to retain his detailed defense counsel in addition to an individual military counsel. The failure to so inform the appellant was error.

■ Although it is, per se, error to neglect to inform an accused in accordance with Rule 901(d)4(B), it does not necessarily follow that such an omission will always constitute reversible error. The test that must be applied is whether or not appellant was prejudiced by the omission. *See United States v. Turner*, 20 U.S.M.C.A. 167, 43 C.M.R. 7 (1970). This requires a case by case examination.

The record before us indicates that the military judge explained, among other things, that if the appellant desired to be represented by a military counsel of his own choice, his detailed counsel "would ordinarily be excused from further participation in this case." Appellant indicated that he understood his rights and desired representation by only his detailed defense counsel rather than by a civilian or an individual military counsel.

Under the facts of this case, particularly where appellant was correctly advised that should an individual military counsel be provided, his detailed counsel "would ordinarily be excused," we hold that the omission constitutes harmless error. It is clear from the record that the military judge sufficiently, albeit marginally, explained counsel rights to the appellant and that they were understood and exercised knowingly. *See Irving v. Breazeale*, 400 F.2d 231, 235 (5th Cir.1968). *Cf. Griffin, supra* at 838.

The trial judiciary should be aware that we do not encourage such a cursory explanation of rights that compliance with the Rule must be gleaned from a review of the overall record. The spirit, if not the letter, of *Donohew* and its progeny, as well as Rule 901(d)4 is to protect for the accused "... a most valuable right accorded him by law." *Donohew, supra* at 152.

Accordingly, we hold that no error materially prejudicial to the substantial rights of the appellant was committed and that the findings and sentence, as approved on review below, are approved.

Judge CASSEL concurs.

COUGHLIN, Judge (concurring):

I concur with my brothers that the failure to apprise the accused of the procedural option to request retention of detailed defense counsel, in the event of representation by individual military counsel, was harmless error in this case. Rule 901(d)4(B) serves the sole purpose of explaining a procedural right to the accused as distinguished from the substantive counsel rights set forth in Rule 901(d)4(A). This is particularly so since the accused is not entitled to be represented by more than one military counsel and, as the military judge advised, if afforded individual counsel, detailed counsel will ordinarily be excused. R.C.M. 506(a) and (b)3; Art. 38(b)(5), Uniform Code of Military Justice, 10 U.S.C. § 838(b)(5). Thus, the military judge's advice in this case fully conformed with the accused's substantive rights to counsel as set forth in the cited provisions of the 1984 Manual for Courts-Martial and the Uniform Code of Military Justice. The mere option of an accused to request retention of detailed counsel can hardly be considered a substantive or even meaningful right particularly since a detailing authority's denial thereof is only subject to review for an abuse of discretion. R.C.M. 506(b)(3). It is further noted that prior to 1 August 1984, advice identical to that provided by the military judge in this case passed muster before both this panel and other panels of the Court.

Notwithstanding the foregoing, I fully concur with my brothers that with the advent of the 1984 Manual on 1 August of this year, military judges at the trial level are now required to fully comply with all provisions of Rule 901 in advising accused as to counsel, be they substantive or procedural in nature, and failure to do so will

prompt this Court to test the prejudicial effect, if any, resulting therefrom.