**UNITED STATES**

v.

**Larry O. VASQUEZ, 569 19 1849, Seaman Recruit (E–1), U.S. Naval Reserve.**

**NMCM 84 3117.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 25 May 1984.

Decided 30 Nov. 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LCDR Jeffrey S. Sawtelle, JAGC, USN, Appellate Government Counsel.

Before EOFF, C.J., and MAY and RAPP, JJ.

RAPP, Judge:

The appellant was convicted by special court-martial (military judge alone) of unauthorized absence for 25 months. He was sentenced to a bad conduct discharge, confinement at hard labor for 4 months, and forfeiture of $375.00 pay per month for 6 months. Reduction in pay grade was inapplicable.

Appellate defense counsel has submitted to us a single assignment of error, asserting that the appellant was prejudiced by inadequate advisal of his counsel rights through failure of the military judge to advise him that, if he chose to be represented by individual military counsel, he could request the convening authority to allow the detailed defense counsel to continue in the appellant's service as associate defense counsel. Despite the simplicity of required counsel advisals, this panel and others of the Court have recently been presented an inordinate number of cases involving defective or deficient counsel advice by the military judge. Several cases have required return for further inquiry or corrective action. We are perplexed and appalled by this trend, so we will discuss this issue more comprehensively than in prior cases.

We begin by looking at the specific advice provided by the military judge:

MJ: Seaman Recruit Vasquez, I am now going to explain to you your rights to be represented by counsel at this court-martial. Although I am sure Lieutenant R has discussed your rights with you, the law requires that I ensure that you understand your rights to counsel, as well as some other rights which we will discuss later on during the trial.

MJ: Lieutenant R has been detailed to represent you at this trial. His services are provided free of charge. You have the right, however, to be represented free of charge by a military lawyer of your own selection, if that military lawyer is determined by his or her superiors to be reasonably available. This lawyer of your own selection is referred to as an individual military counsel. *If you choose to be represented by a military lawyer of your own selection, however, you give up your right to have Lieutenant R continue to represent you.* You should understand that a military lawyer who represents you in any capacity, as detailed defense counsel, individual military counsel, or associate counsel, does so at no cost to you. Do you understand your rights to military counsel?

ACCUSED: Yes, sir.

MJ: In addition to military defense counsel, you also have the right to be represented by civilian counsel provided by you or someone acting for you at no expense to the United States government. If you choose to be represented by civilian counsel, your military counsel would continue to act as your associate defense counsel unless you request that your military counsel be excused from your case. Do you understand your rights to counsel?

ACCUSED: Yes, sir.

MJ: Do you presently have any lawyer, in addition to Lieutenant R, who is representing you?

ACCUSED: No, sir.

MJ: Do you want to be represented by a civilian counsel?

ACCUSED: No, sir.

MJ: Do you want to be represented by an individual military counsel of your own selection?

ACCUSED: Just Lieutenant R, sir.

MJ: Just Lieutenant R?

ACCUSED: Yes, sir.

MJ: And are you willing to proceed with your trial with Lieutenant R as your only defense counsel?

ACCUSED: Yes, sir.

(Emphasis added.)

Next, we consider the provisions of law governing the military judge's advice, concentrating on the right to military counsel of the accused's own selection:

Art. 38, 10 U.S.C. § 838. Duties of trial counsel and defense counsel

\* \* \* \* \* \*

\* \* \* \* \* \* (b)(1) The accused has the right to be represented in his defense before a ... special court-martial ... as provided in this subsection.

\* \* \* \* \* \*

(3) The accused may be represented—

\* \* \* \* \* \*

(B) by military counsel of his own selection if that counsel is reasonably available....

\* \* \* \* \* \*

(5) Except as provided under paragraph (6), if the accused is represented by military counsel of his own selection under paragraph (3)(B), any military counsel detailed under paragraph (3)(A) shall be excused.

(6) The accused is not entitled to be represented by more than one military counsel. However, a convening authority, in his sole discretion—

\* \* \* \* \* \*

(B) if the accused is represented by military counsel of his own selection under paragraph (3)(B), may approve a request from the accused that military counsel detailed under paragraph (3)(A) act as associate defense counsel.

■ In *United States v. Lewis*, No. 84 2282 (N.M.C.M.R. 23 August 1984) and *United States v. Osterwise*, No. 84 1846 (N.M.C.M.R. 7 June 1984) the military judge advised the appellant that he "automatically" forfeited his right to retention of his detailed defense counsel if his request for individual military counsel was granted. We had no difficulty finding prejudicial error due to the military judge's misrepresentation of the law. In the present case the military judge's advice was not so patently wrong but nevertheless we have determined that, rather than providing a merely incomplete advisal, he misstated the law, through omission, by giving the impression that the appellant would automatically forfeit the services of his detailed defense counsel if represented by individual military counsel.

■ We arrive at this determination by considering the specific advice at issue in the context of the whole advisal regarding counsel rights and from the absence of other indication in the record that the appellant was fully aware of those rights. First, we examine the advisals. It is of utmost significance that the specific advice at issue gives no hint of any exception. When this omission is juxtaposed with the military judge's explicit advisal regarding the right to retain detailed defense counsel in addition to civilian counsel, we conclude that the appellant could have reasonably interpreted the military judge's advice regarding the forfeiture of detailed defense counsel, if individual military counsel were provided, as absolute. Second, we have scrutinized the balance of the record for anything which might offset this erroneous impression created by the military judge. In other cases where the military judge has in any reasonable manner, albeit inartfully, qualified his advice implying automatic forfeiture, we have been reluctant to find prejudice, theorizing that the appellant has at least been put on notice of the available alternative and can make further inquiry if he desires elucidation. *See United States v. Green*, No. 84 2535 (N.M.C.M.R. 27 August 1984). Further, assurance on the record by the detailed defense counsel that he has fully advised his client regarding

counsel rights could help to establish lack of prejudice. In the present case, however, we have searched the record unsuccessfully for matters which might supplement the military judge's advice and show the appellant's adequate knowledge of his counsel rights. Under this particular set of circumstances we find the military judge's advisal of counsel rights to be substantially incomplete. We see no way to determine what decision the appellant would have made if properly advised, and we therefore find the military judge's error prejudicial.

Before concluding, we feel compelled to reemphasize our chagrin with cases of this nature. After the decision of the Court of Military Appeals in *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), no military judge should have been left in doubt regarding the necessity for complete and accurate advisal of counsel rights. While most military judges have gotten the message, a few still, through ignorance or carelessness, fail in their duties. The results have been waste of scarce legal resources which must be invested in further proceedings to resolve ambiguities. Trial counsel must also share the blame in defective proceedings. They cannot sit idly as mere spectators when obvious error is committed, but must instead scrupulously monitor trial procedures and act properly to assist the military judge in avoiding defects and omissions. We judicially notice that abundant resources are available for the military judge and trial counsel in carrying out their duties and we urge their use. Above all, we exhort these officials to satisfy the standard of excellence demanded by judicial proceedings.

The record is returned to the Judge Advocate General of the Navy for transmittal to an appropriate convening authority who may order a limited rehearing, pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), at which time the accused shall be properly advised of his right to counsel and his understanding of his rights shall be established; or the convening authority may set aside the findings and sentence and order a rehearing; or he may dismiss the charge. *See United States v. Osterwise, supra* and *United States v. Aguilar*, No. 84 1913 (N.M.C.M.R. 12 June 1984).

Chief Judge EOFF and Judge MAY concur.