UNITED STATES

v.

Humberto C. AYALA, 584 41 0469
Lance Corporal (E–3), U.S.
Marine Corps.

NMCM 85 3296.

U.S. Navy-Marine Corps Court of
Military Review.

Decided 24 Feb. 1986.

LTCOL FRANK A. TAUCHES, JR.,
USMCR, Appellate Defense Counsel.

LCDR JAMES J. QUIGLEY, JAGC,
USN, Appellate Defense Counsel.

MAJ J.S. UBERMAN, USMC, Appellate
Government Counsel.

Before C.H. MITCHELL, Senior Judge,
and J.T. GLADIS and C.J. CASSEL, JJ.

GLADIS, Judge:

I

In this case the accused asks us to order
a rehearing because the military judge mis-
advised him of his rights to counsel. In
the absence of any showing by the accused
that he was actually misled by the judge's
erroneous advice, we find no prejudice and
affirm. *See* Uniform Code of Military Jus-
tice (UCMJ) Article 59(a), 10 U.S.C.
§ 859(a); *United States v. Johnson*, 21
M.J. 211, 216, 217 (C.M.A.1986). *Cf. Unit-
ed States v. Skaar*, 20 M.J. 836 (N.M.C.M.
R.1985) (*en banc*).

II

■ The military judge erred in advising
the accused of his rights to counsel by
stating he had a right to request individual
military counsel as an "alternative to hiring
a civilian lawyer". An accused is entitled
to be represented by individual military
counsel, if reasonably available, in addition
to any civilian counsel provided by him.
*See* UCMJ, Article 38(b), 10 U.S.C. § 838(b).
After, he was advised by the judge, the
accused stated that he did not desire to hire
a civilian lawyer or request individual mili-
tary counsel, but wished to be represented

solely by his detailed military counsel. The staff judge advocate noted the error in his post-trial recommendation, but found no prejudice, concluding that even if the accused had been properly advised, he would not have elected to be represented by either civilian counsel, individual military counsel, or both. Detailed defense counsel was served with a copy of the recommendation pursuant to R.C.M. 1106(f) and affirmatively declined to rebut or comment on it.

## III

### A.

 Initially detailed defense counsel should inform the accused of his rights to counsel. R.C.M. 502(d)(6), *Discussion.* The trial judge should also establish on the record that an accused understands his rights to counsel. R.C.M. 901(d)(4); *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). Failure of the judge to do so is an error which must be tested for specific prejudice. *United States v. Jerasi,* 20 M.J. 719, 738 (N.M.C.M.R.1985) *(en banc ). See also United States v. Whitmire,* 21 U.S.C.M.A. 268, 45 C.M.R. 42 (1972).

### B.

It is the duty of a reviewing court to ignore errors that are harmless. *United States v. Remai,* 19 M.J. 229, 232 (C.M.A. 1985), citing *United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). UCMJ, Article 59(a), 10 U.S.C. § 859(a), provides that a finding or sentence of a court-martial may not be held incorrect on the grounds of an error of law unless the error materially prejudices the substantial rights of the accused.

### C.

Until recently the Court of Military Appeals considered incomplete, erroneous, or misleading advice by the judge to an accused on his rights to counsel to be prejudicial error, if it could not be determined from the record what choice the accused would have made had he been given the proper advice. *See United States v. Jorge,* 1 M.J. 184 (C.M.A.1975); *United States v. Copes,* 1 M.J. 182 (C.M.A.1975).

### D.

In cases in which this Court was able to conclude from the record that the accused would have made no different choice concerning counsel had he been properly advised by the judge, we found no prejudice and affirmed. *United States v. Huge,* No. 85 0277 (N.M.C.M.R. 11 April 1985) (unpublished). *See United States v. Butler,* 19 M.J. 724 (N.M.C.M.R.1984); *United States v. Tenold,* No. 85 1835 (N.M.C.M.R. 29 October 1985) (unpublished). In cases in which we were not able to so conclude, we declined to speculate on the accused's choice of counsel had he been properly advised by the judge, and remanded the records for limited rehearings at which the accused could be properly advised of his rights and his understanding thereof established.[1] *United States v. Parker,* No. 84 3394 (N.M.C.M.R. 15 October 1985) (unpublished); *United States v. MacKenzie,* No. 85 1322 (N.M.C.M.R. 9 August 1985) (unpublished). *See United States v. Griffin,* 16 M.J. 836 (N.M.C.M.R.1983)

### E.

In *Tenold, supra,* citing *United States v. Skaar,* 20 M.J. 836, we noted that our conclusion, that the accused would have made no different choice concerning counsel had he been properly advised by the judge, was reinforced by the accused's failure to allege a colorable claim of prejudice.

In *Skaar, supra,* the convening authority erroneously took his action prematurely in violation of UCMJ, Article 60(c)(2), 10 U.S.C. § 860(c)(2); R.C.M. 1105 and R.C.M. 1107(b)(2), which require withholding of his

---

1. Sometimes we disagreed over whether specific advice on counsel rights was incomplete, erroneous or misleading. *Compare United States v. Vasquez,* 19 M.J. 729 (N.M.C.M.R.1984) and *United States v. Johnson,* No. 84 2189 (N.M.C. M.R. 21 September 1984) (unpublished), *aff'd, supra,* at 21 M.J. 211, with *United States v. Jerasi, supra.*

action until the 30th day following sentencing in order to afford the accused an opportunity to submit material for consideration which might affect the convening authority's decision. A panel of this Court originally ordered the case remanded for a new convening authority's action because it could not say that the accused had not been prejudiced by the error. In an *en banc* reconsideration of the panel decision, testing for prejudice with an analysis based on the test adopted in *United States v. Weeks,* 20 M.J. 22 (C.M.A.1985), we placed on the accused the burden of asserting a colorable claim that he intended to submit material for consideration by the convening authority and was deterred from doing so by the action of the convening authority.[2] In the absence of such a claim, we found no prejudice.

We envisioned as a colorable claim of prejudice, as a minimum, an offer of proof suggesting the character of the matters the accused intended to submit.

Subsequently, in rejecting a claim of prejudice from an accused whose defense counsel had not been provided with a timely opportunity to submit material in response to the staff judge advocate's review, the Court of Military Appeals in *United States v. Smart,* 21 M.J. 15 (C.M.A. 1985), followed precedent holding defense counsel's lengthy delay in complaining constitutes a waiver, and also noted with approval the Army Court of Military Review's observation that defense counsel no-

where stated that he would respond to the review if allowed to do so.

### F.

Finally, in *United States v. Johnson,* 21 M.J. 211, although the Court of Military Appeals declined to overrule *Donohew,* which requires the judge to advise the accused of his counsel rights on the record, it authorized the extension of a *Skaar* type test for specific prejudice to incomplete, erroneous, or misleading advice on counsel rights by the judge. In *Johnson,* finding that the judge had misadvised the accused, we held that we were constrained by case law, which we criticized as elevating form over substance, to find prejudicial error, where there was no indication in the record that the accused understood the full measure of his counsel rights, and remanded the record for a limited rehearing. Among other things, the Government argued before the Court of Military Appeals that a limited rehearing was unnecessary, unless the accused submitted an affidavit or other evidence that he was misled by the judge's advice and would have made a different choice concerning counsel had he been properly advised. That Court agreed that under the circumstances of this case we could have required some showing by the accused as a precondition for asserting a claim that he had been deprived of his right to request counsel. Nevertheless, it affirmed, holding that even though we were free to take this course, we were not required to do so and could in our discretion

---

**2.** The *Skaar* analysis for prejudice is as follows:
First: The character of the rule violated. Is it a rule of substantive law, procedure or evidence?
Second: The purpose of the specific rule and its underlying policy.
Third: The degree of risk, in terms of conviction and sentence, to the appellant at the time the rule is violated. The point of risk is greatest during trial; less in the pretrial stage, where relief can be sought from the military judge and the actual trial has not begun; and even less in the post-trial stage where risk, in terms of conviction and potential sentence, has been resolved and there exists a record and extensive appellate mechanisms for determining facts and resolving error.

Fourth: The character of the potential actual harm to the accused. For example, whether the risk of conviction was enhanced, the sentence was more severe, there was a loss opportunity to exercise a right, etc. Potential harm must be actual harm, not remote or ingenious, fanciful or imagined harm.
Fifth: The materiality of the harm to the purpose of the violated rule and its underlying policy.
Sixth: Considering the circumstances, the degree of risk of material actual harm to the accused resulting from the violation of the rule. 20 M.J. 839.

insist that the facts be determined in a hearing. *Id.* at 215–216. *Cf. United States v. Babcock,* 14 M.J. 34 (C.M.A.1982), (where defense counsel's comments upon the staff judge advocate's review were not considered by the convening authority through no fault of the Government, the Court of Military Review is free to remand for further review by the convening authority or to review the record without remand).

## IV

■ In the past we have remanded numerous cases involving incomplete, erroneous, or misleading advice by the military judge to the accused on his rights to counsel for limited rehearings to ascertain his understanding of those rights, because we believed that we were constrained by the precedents of *Donohew, Copes,* and *Jorge, supra,* to do so, if we could not determine from the record what choice concerning counsel the accused would have made had he been properly advised. Now that controlling precedent no longer requires remand of such cases, we hold that, in order to obtain relief, an accused who complains that he was misadvised by the judge of his rights to counsel must make a colorable claim that he was misled by the error and would have made a different choice concerning counsel had he been properly advised.[3] *See United States v. Johnson,* 21 M.J. at 215–216. *Cf. United States v. Smart,* 21 M.J. 15; *United States v. Skaar,* 20 M.J. 836.

We believe this is the most reasonable approach to the problem of misadvice by the judge concerning counsel rights. The existence of specific prejudice is a matter within the personal knowledge of the accused and his trial defense counsel.[4] *See United States v. Skaar,* 20 M.J. 836. The accused is best able to bear the burden of establishing specific prejudice in these cases. It is prudent to require him to do so, before resorting to the expenditure of time, effort, and resources, required by a limited rehearing and the subsequent review thereof. The accused will benefit from avoiding unnecessary resort to a limited rehearing which may require his recall at his own expense from appellate leave to a courtroom far from his home and disrupt his civilian employment and other aspects of his life. Of course the most economical solution to the problem is complete and correct advice by the judge at trial as required by R.C.M. 901(d)(4). The great majority of our military judges give such advice and we encourage them to continue to do so.[5]

We recognize that in this case the judge's advice was clearly erroneous, while in *Johnson,* the advice was arguably substantially accurate. Indeed, in *United States v. Jerasi,* 20 M.J. 719, a majority of this Court found the same advice given in *Johnson* to be correct. Nevertheless, there is no valid basis for distinguishing *Johnson* in arriving at a remedy in cases involving graver errors in a judge's advice. The basic issue remains the same: was the accused misled by the error. If he was not, the error is harmless. Whether he was misled should be determined in the same way in cases involving slight or serious errors.

## V

In this case, detailed defense counsel declined to rebut or comment on the conclu-

---

3. One judge of the Court of Military Appeals would also require the accused to make some allegation as to what different result would have been achieved by another lawyer. *United States v. Johnson, supra,* (Cox, J., concurring in the result) 21 M.J. at 217.

4. Normally the accused will have been advised at the outset by his detailed defense counsel of his rights to counsel as required by R.C.M. 502(d)(6).

5. In *Johnson,* 21 M.J. at 211, in view of our expressed distaste for the action we believed we were required to take (remand for a limited rehearing), the Court of Military Appeals could have returned the case to us for reconsideration instead of affirming our decision, since it held that our action was not required. Its disposition of the case is a signal that the requirements of *Donohew, supra,* and R.C.M. 901(d)(4), retain their vitality and disregard of them may result in a return to the *Copes-Jorge* test for prejudice.

sion of the staff judge advocate that the accused would not have made a different choice concerning counsel, had he been properly advised by the judge of his rights. Under the circumstances, in the absence of a colorable claim by the accused of actual harm, that is, that he was misled by the judge's erroneous advice and would have made a different choice concerning counsel had he been properly advised by the judge, we find no prejudice. UCMJ, Article 59(a), *United States v. Remai*, 19 M.J. 229.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge MITCHELL and Judge CASSEL concur.